**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

KATHLEEN M. WOLFE,          )  NO. ED CV 05-956-E
                           )
               Plaintiff,    )
                           )
     v.                  )  **MEMORANDUM OPINION**
                           )
JO ANNE B. BARNHART, COMMISSIONER  )  **AND ORDER OF REMAND**
OF SOCIAL SECURITY ADMINISTRATION, )
                           )
             Defendant.   )
_____)

     Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS
HEREBY ORDERED that Plaintiff's and Defendant's motions for summary
judgment are denied and this matter is remanded for further
administrative action consistent with this Opinion.

**PROCEEDINGS**

     Plaintiff filed a complaint on October 20, 2005, seeking
review of the Commissioner's denial of benefits.  The parties filed
a consent to proceed before a United States Magistrate Judge on

December 2, 2005.  Plaintiff filed a motion for summary judgment on April 4, 2006.  Defendant filed a cross-motion for summary judgment on May 4, 2006.  The Court has taken both motions under submission without oral argument.  See L.R. 7-15; "Order," filed October 24, 2005.

## BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

Plaintiff asserts disability beginning February 1, 2002, based primarily on alleged pain (Administrative Record ("A.R.") 56, 269-86).  Handwritten notes from Plaintiff's treating physician, dated shortly after Plaintiff's last insured date, appear to reflect medical opinions that Plaintiff cannot work (A.R. 163 ("unable to work due to rheumatoid arthritis . . . no work"; A.R. 165 ("no work-disability")).  Plaintiff's husband reported in writing that Plaintiff "really can't do anything physical without being in intense pain" (A.R. 94).

An Administrative Law Judge ("ALJ") found Plaintiff has severe pain, but retains the residual functional capacity for medium level work (A.R. 14-18).  The ALJ stated "[t]here is [sic] . . . no treating [physician] statements indicating an inability to perform work within these parameters" (A.R. 16).  The ALJ did not mention the above-quoted notes from Plaintiff's treating physician or the above-quoted statement from Plaintiff's husband (A.R. 12-19).  The Appeals Council denied review (A.R. 4-6).

///
///

1                           **STANDARD OF REVIEW**

2

3        Under 42 U.S.C. section 405(g), this Court reviews the

4   Commissioner's decision to determine if: (1) the Commissioner's

5   findings are supported by substantial evidence; and (2) the

6   Commissioner used proper legal standards.  See Swanson v. Secretary,

7   763 F.2d 1061, 1064 (9th Cir. 1985).

8

9                              **DISCUSSION**

10

11       A treating physician's conclusions "must be given substantial

12  weight."  Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see

13  Rodriquez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must

14  give sufficient weight to the subjective aspects of a doctor's

15  opinion. . . .  This is especially true when the opinion is that of a

16  treating physician") (citation omitted).  Even where the treating

17  physician's opinions are contradicted,[1] "if the ALJ wishes to

18  disregard the opinion[s] of the treating physician he . . . must make

19  findings setting forth specific, legitimate reasons for doing so that

20  are based on substantial evidence in the record."  Winans v. Bowen,

21  853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets

22  omitted); see Rodriquez v. Bowen, 876 F.2d at 762 ("The ALJ may

23  disregard the treating physician's opinion, but only by setting forth

24  specific, legitimate reasons for doing so, and this decision must

25  itself be based on substantial evidence") (citation and quotations

26  ─────────────────

27       [1]    Rejection of an uncontradicted opinion of a treating
    physician requires a statement of "clear and convincing" reasons.
28  Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Gallant v.
    Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

1  omitted); <u>McAllister v. Sullivan</u>, 888 F.2d 599, 602 (9th Cir. 1989)

2  ("broad and vague" reasons for rejecting the treating physician's

3  opinions do not suffice).

4

5       Section 404.1512(e) of 20 C.F.R. provides that the

6  Administration "will seek additional evidence or clarification from

7  your medical source when the report from your medical source contains

8  a conflict or ambiguity that must be resolved, the report does not

9  contain all of the necessary information, or does not appear to be

10 based on medically acceptable clinical and laboratory diagnostic

11 techniques."  <u>See</u> <u>Smolen v. Chater</u>, 80 F.3d 1273, 1288 (9th Cir.

12 1996) ("If the ALJ thought he needed to know the basis of Dr.

13 Hoeflich's opinions in order to evaluate them, he had a duty to

14 conduct an appropriate inquiry, for example, by subpoenaing the

15 physicians or submitting further questions to them.  He could also

16 have continued the hearing to augment the record") (citations

17 omitted); <u>see also</u> <u>Brown v. Heckler</u>, 713 F.2d 441, 443 (9th Cir.

18 1983) ("the ALJ has a special duty to fully and fairly develop the

19 record and to assure that the claimant's interests are considered").

20

21      In the present case, the ALJ failed to mention, much less

22 state specific, legitimate reasons for rejecting, the opinions of

23 Plaintiff's treating physician.  This was error.  <u>Id.</u>  Moreover, the

24 ALJ mistakenly declared that the record contains no treating

25 physician statements indicating an inability to perform medium work

26 (A.R. 16).  Such a materially "inaccurate characterization of the

27 evidence" itself warrants remand.  <u>See</u> <u>Regennitter v. Commissioner</u>,

28 166 F.3d 1294, 1297 (9th Cir. 1999); <u>Lesko v. Shalala</u>, 1995 WL 263995

1  | *7 (E.D.N.Y. Jan. 5, 1995).

2  |

3  |      Defendant appears to argue that the statements of the treating

4  | physician merely document Plaintiff's subjective complaints and do

5  | not constitute medical opinion.  Some of the physician's disability-

6  | related statements appear in the portion of the notes in which the

7  | physician prescribes medication and other treatment.  This context

8  | suggests that Defendant's interpretation of the physician's

9  | statements is not correct.  Moreover, even if the statements are

10 | ambiguous, the ALJ erred by failing to seek clarification from the

11 | physician.  See 20 CFR § 404.1512(e).

12 |

13 |      Defendant also appears to argue that the ALJ's summarization

14 | and interpretation of other, conflicting evidence satisfied the

15 | requirement of providing specific, legitimate reasons for rejecting

16 | the treating physician's opinions.  This contention must be rejected.

17 | Subsequent to decisions on which Defendant appears to rely (Andrews

18 | v. Shalala, 53 F.3d 1035 (9th Cir. 1995) and Magallanes v. Bowen, 881

19 | F.2d 747 (9th Cir. 1989)), the Ninth Circuit has reiterated that the

20 | Administration always explicitly must state specific, legitimate

21 | reasons for rejecting the contradicted opinions of treating

22 | physicians.  See, e.g., Lester v. Chater, 81 F.3d 821, 830-31 (9th

23 | Cir. 1995) (reading Andrews and Magallanes more narrowly than

24 | Defendant apparently urges).

25 |

26 |      Plaintiff also argues that the ALJ improperly ignored

27 | statements by Plaintiff's husband that are potentially corroborative

28 | of Plaintiff's testimony.  In evaluating the credibility of a

1   claimant's assertions of functional limitations, the ALJ must

2   consider lay witnesses' reported observations of the claimant.

3   See Regennitter v. Commissioner, 166 F.3d 1294, 1298 (9th Cir. 1999).

4   "[F]amily members in a position to observe a claimant's symptoms and

5   daily activities are competent to testify as to [the claimant's]

6   condition."  Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993);

7   20 CFR § 404.1513(e)(2) ("[o]bservations by non-medical sources" "may

8   also help us to understand how your impairment affects your ability

9   to work").  "[T]he ALJ can reject the testimony of lay witnesses only

10  if he gives reasons germane to each witness whose testimony he

11  rejects."  Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996);

12  accord Polny v. Bowen, 864 F.2d 661, 664 (9th Cir. 1988); Smith v.

13  Bowen, 849 F.2d 1222, 1226 (9th Cir. 1988).

14

15      Most of the above-cited authorities speak in terms of the

16  "testimony" of lay witnesses.  The standards discussed in these

17  authorities, however, would appear equally applicable to the written

18  statements submitted in this case.  Cf. Schneider v. Commissioner,

19  223 F.3d 968, 974-75 (9th Cir. 2000) (ALJ should have considered

20  letters submitted by claimant's friends and ex-employers in

21  evaluating severity of claimant's functional limitations).  The Court

22  therefore concludes that the ALJ erred in failing to discuss the

23

24

25

26

27

28

1  statements of Plaintiff's husband.[2]

2

3      When a court reverses an administrative determination, "the

4  proper course, except in rare circumstances, is to remand to the

5  agency for additional investigation or explanation." INS v. Ventura,

6  537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is

7  proper where, as here, additional administrative proceedings could

8  remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d

9  599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d

10  1496, 1497 (9th Cir. 1984).

11

12      The Ninth Circuit's decision in Harman v. Apfel, 211 F.3d 1172

13  (9th Cir.), cert. denied, 531 U.S. 1038 (2000) ("Harman") does not

14  compel a reversal rather than a remand of the present case.  In

15  Harman, the Ninth Circuit stated that improperly rejected medical

16  opinion evidence should be credited and an immediate award of

17  benefits directed where "(1) the ALJ has failed to provide legally

18  sufficient reasons for rejecting such evidence, (2) there are no

19  outstanding issues that must be resolved before a determination of

20  disability can be made, and (3) it is clear from the record that the

21  ALJ would be required to find the claimant disabled were such

22  evidence credited." Harman at 1178 (citations and quotations

23

24      [2]    Defendant's suggestion that the husband's statements were
25  "neither significant nor probative" cannot remedy the ALJ's
    erroneous failure to manifest any consideration of the statements.
26  If believed, the statements could affect the analysis of
    Plaintiff's credibility.  To the extent Defendant suggests other
27  reasons for rejecting the husband's statements, the Court "cannot
    affirm the decision of an agency on a ground that the agency did
28  not invoke in making its decision." Pinto v. Massanari 249 F.3d
    840, 847 (9th Cir. 2001).

omitted).  Assuming, <u>arguendo</u>, the <u>Harman</u> holding survives the
Supreme Court's decision in <u>INS v. Ventura</u>, 537 U.S. 12, 16 (2002),[3]
the <u>Harman</u> holding does not direct reversal of the present case.
Outstanding issues still must be resolved before a determination of
disability can be made.  Further, it is not clear from the record
that the ALJ would be required to find Plaintiff disabled for
the entire claimed period of disability were the opinions of
Plaintiff's treating physician credited.

**CONCLUSION**

        For all of the foregoing reasons, Plaintiff's and Defendant's
motions for summary judgment are denied and this matter is remanded
for further administrative action consistent with this Opinion.

        LET JUDGMENT BE ENTERED ACCORDINGLY.

                DATED:  May 23, 2006.


                        _____/S/_____
                                CHARLES F. EICK
                        UNITED STATES MAGISTRATE JUDGE

_____

        [3]     The Ninth Circuit has continued to apply <u>Harman</u>, despite
<u>INS v. Ventura</u>.  <u>See</u> <u>Benecke v. Barnhart</u>, 379 F.3d 587, 595 (9th
Cir. 2004).